PITTSBURGH, FORT WAYNE AND CHICAGO RAILWAY COMPANY ET AL.

v.

JOHN CHEEVERS ET AL.

*Nuisance—Occupation of Street in Front of Railway Depot—At Whose Instance Abated.*

1.  Such occupation or obstruction of a public street, even though it amount to such nuisance as will entitle an owner of abutting property to invoke the aid of a court of equity to abate, must be shown to be such a nuisance as works an injury to him, not merely greater in degree than that sustained by others of the general public, but it must be special and peculiar in its effects upon him in relation to the use and enjoyment of his property.

2.  A bill to restrain hackmen, expressmen, etc., from obstructing the street in front of complainant's railway depot, was properly dismissed in the case presented, it not appearing that complainant sustained such injury therefrom as brought the case within the rule above stated.

[Opinion filed March 4, 1892.]

APPEAL from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding.

Messrs. J. L. HIGH and GEORGE WILLARD, for appellants.

The carrier owes to his passenger not only the duty of carrying him safely, but the duty of protecting him from annoyance and vexation during the existence of the relation. Act of May 14, 1877, entitled, "Protection to Passengers."

Full power and authority is given by statute to regulate the manner in which passengers and property shall be transported. General Act for Incorporation, Railroads, Sec. 19, 9.

Station buildings must not only be provided, but they must be kept well lighted and warmed for the comfort of the patron. Sec. 22, Act of March 31, 1874, entitled "Fencing and Operating Railroads."

Union depot companies are authorized by statute "in order to facilitate the public convenience and safety in the transmission of goods and passengers from one railroad to another." Act of April 17, 1875, entitled "Union Depots."

Messrs. BLACK & FITZGERALD, for appellees.

In the case of McDonald v. English, 85 Ill. 232, the Supreme Court of this State says: "We regard the rule as well settled that for any obstructions to streets not result-

ing in special injury to the individual, the public only can
complain." Wood on Nuisances, Sec. 829 ; Angell on High-
ways, Sec. 285 ; Francis v. Schoelkopf, 53 N. Y. 155 ; Pierce
v. Dart, 7 Cowen, 609; Higbee v. R. R. Co., 19 N. J. 278;
Brown v. DeGroff (N. J.), 14 A. 219.

"An individual can not enjoin a public nuisance unless it
works special and peculiar injury to him, and that injury
must not be trivial or such as may be compensated in dam-
ages, but must be serious, affecting the substance and value
of plaintiff's estate." Talbot v. King (W. Va.), 9 S. E. 48;
Hyland v. Transfer Co., 11 S. W. 79.

"The owner of land which extends only to margin of a
street can not maintain an action for a nuisance created by
the obstruction of the street without showing special damage,
and, when the other residents of a street suffer equally in
kind with an abutting lot owner by reason of the obstruc-
tion of the street, he can not sue to abate the nuisance or
to recover damages, as no special damage results to him
therefrom." Hogan v. R. R. Co., 71 Cal. 83.

In the case of Chicago v. Union Building Association, the
Supreme Court held that the only property rights which
individuals have in streets as distinct from public rights is
the right of access (Chicago v. Union Building Association,
102 Ill. 379), which decision was referred to approvingly in
Village of Winnetka v. Prouty, 107 Ill. 225, and in Hesing v.
Scott, 107 Ill. 605, and in Zinc Co. v. City of La Salle, 117 Ill.
418.

With the citations in Mr. Willard's brief, page 11, on the
right of railway companies to exact observance of all rules
calculated to insure comfort for their passengers, we take
no issue; if any of the alleged interference took place within
the confines of the railway companies' jurisdiction they
would no doubt be aptly taken, but they have not the
slightest application to the issue in the case at bar.

In the case of Wylie v. Elwood, 134 Ill. 281, the doctrine
laid down is simply that a nuisance may be both public and
private at the same time, but to entitle an individual to
maintain a private suit therefor, there must be proved

special or private injury. With this doctrine, too, we take no issue. The complainants have proved no damage whatever.

In the case of Carter v. Chicago, 57 Ill. 283, cited by Mr. Willard, the city attempted to deprive abutting owners of a sidewalk by appropriating so much of a street to the purposes of a roadway merely, and it was held that an injunction would lie.

Pekin v. Winkle, 77 Ill. 56, was where access had been cut off to plaintiff's house, and it was held that he had suffered special injury, and was entitled to recover damages.

Stack v. St Louis, 85 Ill. 377, was also a case where access had been cut off to plaintiff's property, and it was also held that a city had no right to so appropriate or obstruct streets as to deprive the public and adjacent property owners of their use in highways.

MORAN, J. The bill in this case was filed to restrain and prevent encroachment upon appellants' rights as abutting owners and occupiers of the Union Passenger Station and grounds situate on the east side of South Canal street, in Chicago. The bill claims that at common law and under the ordinances of the city complainants are entitled to have the space in front of said station grounds from the east line of the street west to the center line thereof kept free and unobstructed by, and clear of solicitors, hotel runners and drivers, and of all vehicles and persons not in the employ of complainants and engaged in the prosecution and management of the business of said stations. The bill further alleges that the mayor, chief of police, etc., have assumed in their official capacity and against the will of complainants to give express drivers and hotel runners the right and privilege of standing in front of said passenger station and east of the center line of said Canal street and soliciting employment, and have assumed to direct policemen on duty at said stations not to interfere with or arrest such persons for so doing; that by reason thereof persons in large numbers gather in front of said station and near the east line of said street, and in loud tones of voice solicit business

for hotels, express wagons and other vehicles, thereby obstructing the street and sidewalk in front of said stations, and annoying the occupants of said building and the throng of passengers going to and from said station; that defendants, Cheevers and Geary, are among the persons so acting, and that they combine with others and threaten to continue to violate complainants' rights. The prayer is that the mayor, chief of police, etc., be restrained from giving, against complainant's will, permission to any persons to stand, or to stand any vehicle in front of the complainants' stations east of the center line of said Canal street, there to solicit or wait for employment, and that said Cheevers and Geary be enjoined from acting under any permission granted by any official to stand in front of said station and there wait for or solicit employment, and that said injunction be made perpetual, etc.

The bill was answered by the defendants, a temporary injunction denied, and the matter referred to the master to take proofs and report his conclusions.

The master reported against granting the relief prayed, and on a hearing of exceptions to his report the same was confirmed, and the bill ordered by the court to be dismissed for want of equity.

The master has stated in his report which we find in the record the conclusions as to law and fact reached by him with clearness and force, and an examination of the record and consideration of the arguments presented in the briefs of counsel, has led us to the conviction that the result reached by him and as to the substantial questions in the case approved by the court is correct. The master states that he finds and concludes "that the manner in which said business of soliciting passengers for their patronage for hotels and express wagons as conducted is a nuisance as to such passengers and to the public, but that such conduct on the part of said expressmen and hotel runners does not interfere with the railroad company in discharge of its duties and as a common carrier of freight and passengers, and does not deprive it of free access to the street in front

of its depot, and does not interrupt or hinder its business, and that such nuisance is not a nuisance to the railroad company in such a manner that it is specially and peculiarly injured thereby aside from annoyance suffered by the traveling public patronizing its depot and road. The whole effect of the testimony is that the only detriment to the railroad company from the manner of conducting their business by the hotel runners and expressmen is through annoyance caused to passengers entering and departing from said depot, and it is argued that from such annoyance the business of the company is injuriously affected, in that passengers will avoid patronizing a depot or railroad, in order to patronize which they have to expose themselves to such annoyance. I conclude as a matter of law that such annoyance and indirect injury does not constitute such a nuisance as a court of equity will enjoin, but that in order to lay the basis for equitable relief, it is necessary to show that the complainant is injured in its property rights by the obstruction or interference with its easement and right to an uninterrupted use of the public street in front of its premises; and such detriment and annoyance as it suffers in common with the public and which is only indirect must be left to the public authorities to regulate and control, and can not be remedied by a court of equity on the application of one as a member of the public, even though he may suffer more than the majority of others from its existence."

It is needless to discuss the numerous authorities cited by the learned counsel for appellants, which it is claimed establish a rule for this case contrary to that stated by the master. Each one will be found to depend for its decision on special and peculiar circumstances and conditions which do not exist in this case. Such occupation or obstruction of a public street as will entitle an owner of land abutting thereon to the aid of a court of equity to abate, must be shown to be such as works an injury to him, not merely greater in degree than that sustained by others of the general public, but such as is special and peculiar in its effects upon him in relation to the use and enjoyment of his prop-

erty. Such a case is not made out by this record and the decree dismissing the bill for want of equity must therefore be affirmed.

*Decree affirmed.*